Allen *v.* Wood.

ANNA ALLEN and others.

*v.*

ELIZABETH H. WOOD and others.

The holder of a second mortgage, payable in three installments, filed his bill to foreclose for the payment of the second installment and interest thereon and costs. The first installment had been satisfied by means of a collateral mortgage. The third installment was not due. The bill alleged that the property was indivisible, and decree was taken for the sale of the whole, to pay the amount of the second installment and interest and costs, as prayed by the bill. A subsequent mortgagee (the third) purchased the decree and took an assignment thereof. The property was not sold under the execution. The third installment becoming due and being unpaid, the complainant filed his bill for foreclosure and sale of the whole premises, to pay it.— *Held,* that the court would direct a sale of the property under the former decree, and apply the surplus, as far as necessary, to the payment of the third installment. The property was to be sold subject to the first mortgage, which was not foreclosed.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. C. T. Reed,* for complainants.

*Mr. S. H. Grey,* for Camden Safe Deposit and Trust Company.

THE CHANCELLOR.

The principal ($14,400) of the complainants' mortgage, a mortgage of real estate, was payable in three equal install-

ments of six months, one year and two years from date. The mortgage was given March 20th, 1876. A chattel mortgage was given at the same time as additional security for the payment of the first installment. That mortgage was foreclosed and the decree assigned by the mortgagees to the Camden Safe Deposit and Trust Company, and the amount thereof paid to them. That company then held, as it still does, a third mortgage on the mortgaged land. The complainants' mortgage is the second. When the second installment became due on their mortgage, the complainants filed their bill for foreclosure and sale, to obtain payment of that installment and interest thereon. A decree was made in that suit that the mortgaged premises be sold to raise and pay that installment and interest, with costs of suit. The property was not sold under it, however, but the decree was assigned to the Safe Deposit and Trust Company (by which it is still held), for the consideration of the amount due thereon, paid by it therefor.

The complainants' bill is filed for foreclosure and sale of the mortgaged premises, to pay the third installment, with interest and costs. The Safe Deposit and Trust Company claims, in its answer, that the complainants, by the former foreclosure proceedings to raise the second installment, abandoned all claim to the mortgaged premises, and have no lien thereon or on the proceeds of the sale thereof. The decree in the former suit is for the sale of the whole of the mortgaged premises, to pay the second installment, with interest and costs. Had all the property been sold under that decree the lien of the mortgage on the property would, of course, have been gone (*Mott* v. *Shreve, 10 C. E. Gr. 438*); but for the payment of the third installment and interest it would have insisted upon the surplus, if any, of the proceeds of the sale. By the decree, the surplus is ordered to be paid into court, unless otherwise previously disposed of by the order of the court. When paid into court it would have been available to the complainants for the payment of the third installment. The lien of the mort-

gage for that installment would have been transferred by the conversion of the surplus proceeds. *Platt* v. *Bright, 4 Stew. 81.* But the premises have not, nor has any part of them, been sold, and the whole of them will not be sold to pay the amount due on the decree for the second installment and interest, unless it proves to be necessary to do so. The court will control the sale so as to protect the interests of all parties so far as practicable. And although the decree directs the sale of the whole of the mortgaged premises, the court may, if the property be divisible, order, after execution issued, that only such parts be sold as may be necessary to pay the amount due on the decree. *Am. L. & F. In. & Tr. Co.* v. *Ryerson, 2 Hal. Ch. 9.* There is an order made after the execution was issued, designed to effect that object. It directs the sheriff to sell so much of the mortgaged premises as may be necessary to raise the money, in such parcels as may seem to him most for the benefit of the parties to the suit. The whole matter is within the control of the court, and it will direct that the property be sold under the former execution (it is to be sold subject to the first mortgage), and any surplus applied to the decree in this. Under the decree in the former suit, the Safe Deposit and Trust Company has the right to have the money which, by the decree, is directed to be made, raised and paid over to it, and no more.

There will be a decree in accordance with these views.